5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



United States District Court
Southern District of Texas
FILED

MAY 0 1 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOSE FLORES, Jr., | § | |
| Petitioner, | § | |
| | § | B-01-67 |
| v. | § | Civil Action No. B-01-006 |
| | § | |
| GARY L. JOHNSON, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, INSTITUTIONAL DIVISION, | § | |
| Respondent. | § | |

**RESPONDENT JOHNSON'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION WITH BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Gary L. Johnson, Director, Texas Department of Criminal Justice, Institutional Division ("TDCJ-ID"), Respondent herein ("the Director"), by and through his attorney, the Attorney General of Texas, and files this **Respondent Johnson's Motion to Dismiss for Lack of Subject Matter Jurisdiction with Brief in Support**. In support thereof, the Director would respectfully show the court the following:

I.

**JURISDICTION**

The court lacks jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 2241, 2254, as discussed below.

II.

**DENIAL**

The Director denies every allegation of fact made by Petitioner, hereinafter "Flores," except those supported by the record and those specifically admitted herein.

## III.

## STATEMENT OF THE CASE

The Director has custody of Flores pursuant to judgments and sentences of the 3rd and 5th Criminal District Courts of Dallas County, Texas, in cause numbers F91-71085-QJ, F89-81726-KL, F89-87125-KL, F89-87124-KL, and F89-90371-LI, styled *The State of Texas v. Jose Flores, Jr.* Exhibit A (copy of TDCJ Commitment Inquiry Screen). Flores entered pleas of guilty in all five cases, *id*. On December 18, 1991, he was sentenced in cause number F91-71085-QJ to ten years in prison. *Id*. On November 16, 1989, he was sentenced in cause numbers F89-81726-KL, F89-87125-KL, and F89-87124-KL, to three years in prison; and in cause number F89-90371-LI to 20 years in prison. While Flores states that he was convicted in the 138th Judicial District Court in Cameron County, Texas, of aggravated robbery with a deadly weapon, aggravated kidnapping, and attempted capital murder, there is no record of any conviction out of Cameron County or for those offenses. Fed. Writ Pet. at 2.

Flores states that he appealed his convictions in the nonexistent Cameron County cases to the Texas Court of Criminal Appeals, and that the convictions were affirmed in part and reversed in part at 939 S.W.2d 778. Fed. Writ Pet. at 3. However, that citation corresponds to a case styled *Caesar v. State*, 939 S.W.2d 778 (Tex.App.–Houston[14th] 1997). Flores also claims that he appealed his case to the Texas Supreme Court, at 960 S.W.2d 990. Fed. Writ Pet. at 3. However, that citation does not pertain to any case. The Director can find no record of any direct appeal or state writ by Flores.

Flores also claims that he was given an evidentiary hearing in the United States District Court for the Western District of Illinois on his claim that he has been persecuted by the state of Texas. Fed. Writ Pet. This seems unlikely.

2

## IV.

## STATE COURT RECORDS

Attached as Exhibit A is a copy of the TDCJ Commitment Inquiry Screen. Attached as Exhibit B is a document that shows the sanctions against Flores in the Northern District. There are no state writ or direct appeal records, given that the Cameron County convictions are fictitious.

## V.

## EXHAUSTION OF STATE COURT REMEDIES

Flores's claim are unexhausted, and perhaps even unexhaustable, given that they appear to be fictitious.

## VI.

## PETITIONER'S ALLEGATIONS

The Director understands Flores to allege the following errors:

1. FBI Special Agent Kieth Quigley gained his confession through sexual seduction; and
2. He was denied the assistance of counsel when he was forced to proceed to trial without counsel by a homophobic, racist, and sexually abusive judge.

## VII.

## MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION WITH BRIEF IN SUPPORT

### STANDARD OF REVIEW

Flores's petition is governed by the heightened standard of review provided by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA applies to Flores's application because the application was filed after the date of the act's passage. *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997), *cert. denied*, 525 U.S. 859, 119 S. Ct. 144 (1998). The AEDPA adds a subsection, 28 U.S.C. § 2254(d), which provides:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that

3

was adjudicated on the merits in State court proceedings unless the adjudication of the claim --

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (West 2000).

The revised federal habeas statute also provides that, if the applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that

> (A) the claim relies on
>
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2) (West 2000).

Flores complains about his continued incarceration as the result of convictions that do not exist. Therefore, this court lacks in-custody subject-matter jurisdiction to decide this writ. Under *Maleng v. Cook*, 490 U.S. 488, 109 S. Ct. 1923 (1989), this court has no jurisdiction to review Flores's contentions in regard to the fictitious Cameron County convictions because Flores is not in the custody of the Director pursuant to the challenged conviction(s).

Flores, who is incarcerated in the Robertson Unit in Abilene, does not challenge his legitimate Dallas County convictions in his federal writ petition. This court should dismiss this case

4

rather than transfer it to the Northern District of Texas because Flores does not challenge his legitimate Dallas County convictions, but instead challenges fictitious Cameron County convictions, over which no court would have subject matter jurisdiction. Flores has been sanctioned in the past for filing threatening or profane motions. Exhibit B.

## VIII.
## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Director respectfully requests that the court dismiss this action for lack of subject matter jurisdiction, with prejudice.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

MICHAEL T. McCAUL
Deputy Attorney General for
Criminal Justice

S. MICHAEL BOZARTH
Assistant Attorney General
Chief, Habeas Corpus Division

*Attorney-In-Charge

KARYL KRUG*
Assistant Attorney General
State Bar No. 00786033
Southern District Bar No. 23781

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2146
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I, Karyl Krug, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Respondent Johnson's Motion to Dismiss for Lack of Subject Matter Jurisdiction with Brief in Support** has been served by placing same in the United States Mail, postage prepaid, on this the 27th day of April, 2001, addressed to:

Jose Flores, Jr.
TDCJ-ID No. 539332
Robertson Unit
12071 FM 3522
Abilene, Texas 79601


_____
KARYL KRUG
Assistant Attorney General

6

# EXHIBIT A

ClibPDF - www.fastio.com

```
IMF800/INI801              COMMITMENT INQUIRY            03/13/01 09:53:14
 TCICS/LHA9541 /JC02   TDCJ-ID: 00539332 SIDNO: 04213568
AME: FLORES,JOSE JR.            APPL:       STATUS: A RD RB L3   #OFF: 05
LD TDC#: 00000000 CNTY CONV: 057                                      70TH
FF-REC:    2212 PRJ RL: 11-11-2009 REC:  03-09-1990 MAX-TERM:  20Y  0M  0D
EN-REC: 030.020 MAX-EX: 11-11-2009 BEGIN: 08-30-1989 PAR-ELIG: 11-09-1994
                                        INMATE TYPE: ID
  OFFCD: 22120000 BURG OF BLDG                                        72ND
    PENAL:030.020  MS:Y PLEA:G CAUSE:F91-71085-QJ    CNT:   OFF:11-24-1991
    CC  CNTY OFF:057  CNTY/CRT:057 003 MAX TERM:  10Y  0M  0D BEG:11-24-1991
    MIN EXP:11-23-2001 MAX:11-23-2001 PAR ELIG:05-25-1994 SENTENCED:12-18-1991
    OFF TDCNO: 00539332                            CTO DATE 01-01-0001
  OFFCD: 22120000 BURG BLDG                                           70TH
    PENAL:030.020  MS:Y PLEA:G CAUSE:F89-87126-KL    CNT:   OFF:09-28-1989
    CC  CNTY OFF:057  CNTY/CRT:057 005 MAX TERM:   3Y  0M  0D BEG:08-30-1989
    MIN EXP:11-10-1992 MAX:11-10-1992 PAR ELIG:01-01-0001 SENTENCED:11-16-1989
    OFF TDCNO: 00539332                            CTO DATE 01-01-0001
  OFFCD: 22120000 BURG BLDG                                           70TH
    PENAL:030.020  MS:Y PLEA:G CAUSE:F89-87125-KL    CNT:   OFF:09-28-1989
    CC  CNTY OFF:057  CNTY/CRT:057 005 MAX TERM:   3Y  0M  0D BEG:08-30-1989
    MIN EXP:11-10-1992 MAX:11-10-1992 PAR ELIG:01-01-0001 SENTENCED:11-16-1989
    OFF TDCNO: 00539332                            CTO DATE 01-01-0001
 :UP,PF8:DOWN,PF2:TOP OF LIST,OR NEXT REQUEST/TDC _____ OR SID _____
```

ClibPDF - www.fastio.com

```
:IMF800/INI801              COMMITMENT INQUIRY            03/13/01 09:53:23
::TCICS/LHA9541 /JC02   TDCJ-I    : 00539332 SIDNO: 04213568
]AME: FLORES,JOSE JR.            APPL:      STATUS: A RD R  L3   #OFF: 05
)LD TDC#: 00000000 CNTY CONV: 057                                      70TH
)FF-REC:     2212 PRJ RL: 11-11-2009 REC:    03-09-1990 MAX-TERM:   20Y  0M  0D
'EN-REC:  030.020 MAX-EX: 11-11-2009 BEGIN: 08-30-1989 PAR-ELIG: 11-09-1994
                                              INMATE TYPE: ID
   OFFCD: 22120000 BURG BLDG                                           70TH
    PENAL:030.020   MS:Y PLEA:G CAUSE:F89-87124-KL      CNT:    OFF:09-28-1989
    CC   CNTY OFF:057   CNTY/CRT:057 005 MAX TERM:   3Y  0M  0D BEG:08-30-1989
    MIN EXP:11-10-1992 MAX:11-10-1992 PAR ELIG:01-01-0001 SENTENCED:11-16-1989
    OFF TDCNO: 00539332                             CTO DATE 01-01-0001
   OFFCD: 22120000 BURG BLDG                                           70TH
    PENAL:030.020   MS:Y PLEA:G CAUSE:F89-90371-LI      CNT:    OFF:08-23-1989
    CC   CNTY OFF:057   CNTY/CRT:057 005 MAX TERM:  20Y  0M  0D BEG:08-30-1989
    MIN EXP:11-11-2009 MAX:11-11-2009 PAR ELIG:11-09-1994 SENTENCED:11-16-1989
    OFF TDCNO: 00539332                             CTO DATE 01-01-0001



'7:UP,PF8:DOWN,PF2:TOP OF LIST,OR NEXT REQUEST/TDC _____  OR SID _____
) OF OFFENSES; ALL OFFENSES HAVE BEEN DISPLAYED
```

```
MF800/INI801            COMMITMENT INQUIRY              03/13/01 09:53:26
.ICICS/LHA9541 /JC02  TDCJ-ID   : 00539332 SIDNO: 04213568
ME: FLORES,JOSE JR.              APPL:      STATUS: A RD RL--23   #OFF: 05
D TDC#: 00000000 CNTY CONV: 057                                      70TH
F-REC:   2212 PRJ RL: 11-11-2009 REC:  03-09-1990 MAX-TERM:  20Y  0M  0D
N-REC: 030.020 MAX-EX: 11-11-2009 BEGIN: 08-30-1989 PAR-ELIG: 11-09-1994
                                             INMATE TYPE: ID
```

```
:UP,PF8:DOWN,PF2:TOP OF LIST,OR NEXT REQUEST/TDC _____ OR SID _____
 OF OFFENSES; ALL OFFENSES HAVE BEEN DISPLAYED
```

# EXHIBIT B

| FLORES, Jose R. Jr.<br>#539332 | |
|---|---|
| 97-11400 (5th Cir.)<br>re:2:96cr31-1 (N.D.) | 05/19/98. <u>United States of America v. Flores.</u>, denied mo to reinstate direct appeal; **SANCTIONED** $50 for profane/threatening motion; pltf may not file any action/appeal in any court in this circuit until he satisfies this sanction and **WARNED** any future profane/threatening communications to this court will not be accepted for filing |
| 2:98cv252 (N.D.-Am) | 08/20/98. <u>United States of America v. Flores</u> Mo under §2255 denied re: previous sanctions not satisfied |