

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED

JUN 0 5 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| JOSE FLORES, Jr., § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | |
| § | CIVIL ACTION NO. B-01-067 |
| GARY L. JOHNSON, DIRECTOR, § | |
| TEXAS DEPARTMENT OF § | |
| CRIMINAL JUSTICE, § | |
| INSTITUTIONAL DIVISION, § | |
| § | |
| Defendant. § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court is Respondent Johnson's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket No. 5). For the reasons discussed below, it is recommended that Johnson's motion be granted.

### FACTUAL SUMMARY

Jose Flores, Jr., is in custody pursuant to judgments and sentences of the 3rd and 5th Criminal District Courts of Dallas County, Texas, in cause numbers F91-71085-QJ, F89-81726-KL, F89-87125-KL, F89-87124-KL, and F89-90371-LI, styled *The State of Texas v. Jose Flores, Jr.* Flores entered pleas of guilty in all five cased. On November 16, 1989, he was sentenced in cause numbers F89-81726-KL, F89-87125-KL, F89-87124-KL, to three years in prison; and in cause number F89-90371-LI to twenty years in prison. On December 18, 1991, he was sentenced in cause number F91-71085-QJ to ten years in prison.

The habeas petition before this Court arises from Flores's allegation of wrongful conviction

1

in the 138th Judicial District Court in Cameron County, Texas. However, there is no record of any conviction out of Cameron County for those offenses. Further, Flores states that he appealed his convictions in the nonexistent Cameron County cases to the Texas Court of Criminal Appeals, and that the convictions were affirmed in part and reversed in part at 939 S.W.2d 778. However, that citation corresponds to a case styled *Caesar v. State*, 939 S.W.2d 778 (Tex. App.–Houston [14th Dist.] 1997). Flores also claims that he appealed his case to the Texas Supreme Court, at 960 S.W.2d 990. However, that citation does not pertain to any case.

## DISCUSSION

Against this backdrop, the Court must consider whether respondent's complaint states a cognizable § 2254 claim. The handwritten *pro se* document is to be liberally construed. As the Supreme Court unanimously held in *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), a *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears " 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Id.*, at 520-521, 92 S.Ct. at 596, *quoting Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Even applying these liberal standards, however, Flores's petition for Habeas Corpus does not state a cognizable claim. Flores seeks to challenge convictions arising out of the 138th Judicial District Court in Cameron County, Texas. Because no such convictions actually occurred, neither this Court, nor any other court, has jurisdiction to entertain Flores's petition. Accordingly, it is **RECOMMENDED** that Respondent Johnson's Motion to Dismiss for Lack of Subject Matter

Jurisdiction (Docket No. 5) be **GRANTED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 5th day of June, 2001.

/s/ John Wm. Black
John Wm. Black
United States Magistrate Judge

3